# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ALLEN GARRETT, <br><br> Petitioner, <br><br> v. <br><br> WARDEN COSTELLO, <br><br> Respondent. | Case No. CV 18-6100-PA (JEM) <br><br> ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY |

On July 13, 2018, William Allen Garrett ("Petitioner"), filed a petition for writ of habeas corpus ("Petition"), in which he challenges the August 9, 2017 decision by a hearing officer of the California Board of Parole Hearings ("Board") finding him unsuitable for parole. (Petition at 9-10.)[1]

For the reasons set forth below, the Petition should be summarily dismissed.

## BACKGROUND

The California Court of Appeal summarized the relevant underlying facts, as follows:

>William Allen Garrett is serving a 15-year prison sentence for convictions he suffered in 2012. Garrett broke into an office building at night and stole a camera and computer equipment. An employee working in the building summoned the

---

[1] The Court refers to the pages of the Petition as numbered by the CM/ECF system.

police. As Garrett fled the scene, he held a knife and ran toward police officers. One of the officers felt threatened and subdued Garrett by firing three shots at him. Garrett was found guilty of burglary with use of a deadly or dangerous weapon and receiving stolen property, and allegations concerning prior convictions and prior prison terms were found true. He was acquitted of two charges of assault with a deadly weapon on a peace officer and lesser included offenses.

(Petition at 46.)

Pursuant to Proposition 57, the California Department of Corrections and Rehabilitation "implemented a parole consideration program for persons convicted of nonviolent felonies who had served the full terms for their primary offenses." (Petition at 46.) A Board hearing officer reviewed Petitioner's case, including "the circumstances of Garrett's current convictions, his prior criminal record, his behavior in prison, and input from Garrett and the district attorney." (Id.) On August 9, 2017, the hearing officer issued a decision denying parole.

Petitioner now asserts that the decision to deny him parole was unconstitutional because the hearing officer should not have considered his attempted use of a knife against the police officers who responded to the break-in because he had been acquitted of the associated assault charges, and the denial of parole constitutes unlawful punishment for those charges. (Petition at 5-6, 8-10; see also id. at 47.) Petitioner also asserts that the hearing officer wrongly concluded that Petitioner has a history of assaultive behavior and weapons use. (Petition at 7.)

**DISCUSSION**

This Court has a duty to screen habeas corpus petitions. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an order for summary dismissal of the petition. Id.; see also Local Rule 72-3.2.

Summary dismissal is appropriate in this case because the Supreme Court's decision in Swarthout v. Cooke, 562 U.S. 216 (2011), precludes habeas relief on Petitioner's claims. In Swarthout, the Supreme Court recognized that Board decisions are reviewed by California state courts under a standard of "whether 'some evidence' supports the conclusion that the inmate is unsuitable for parole because he or she currently is dangerous." Id. at 217 (quoting In re Lawrence, 44 Cal.4th 1181, 1191 (2008)) (additional citation omitted). The Court also acknowledged as reasonable the Ninth Circuit holding that California law governing parole creates a cognizable liberty interest for purposes of analyzing a federal due process claim. Id. at 219-20 (citing Cooke v. Solis, 606 F.3d 1206, 1213 (9th Cir. 2010)). However, the Court emphasized that any such interest is "a *state* interest created by California law"; there is no corresponding substantive right under the United States Constitution to conditional release before expiration of a valid sentence. Id. at 220 (The Court also stated: "No opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement.").

Therefore, regardless of the standard of judicial review applied by California state courts, the proper scope of federal habeas review in the context of a parole decision concerns only the constitutional question of whether fair and adequate procedures were employed for protection of the prisoner's state-created liberty interest. Id. ("When . . . a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication – and federal courts will review the application of those constitutionally required procedures."); see also id. at 222 ("Because the only federal right at issue is procedural, the relevant inquiry is what process [the petitioner] received, not whether the state court decided the case correctly.").

The Court reaffirmed that "[i]n the context of parole, we have held that the procedures required [by the Constitution] are minimal." Id. at 220; see also Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 16 (1979) (adequate process consisted of an opportunity to be heard and a statement of reasons for parole denial). The Supreme Court determined in Greenholtz "that a prisoner subject to a parole

3

statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Swarthout, 562 U.S. at 220 (citing Greenholtz, 442 U.S. at 16). "The Constitution does not require more." Greenholtz, 442 U.S. at 16. Any further inquiry into the actual merits of a parole decision, and specifically into the question of whether the "some evidence" standard regarding present dangerousness was satisfied, would involve a question of state law that is not cognizable on federal habeas review. Swarthout, 562 U.S. at 221 ("[I]t is no federal concern here whether California's 'some evidence' rule of judicial review . . . was correctly applied"); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Engle v. Isaac, 456 U.S. 107, 121 n. 21 (1982).

Following Swarthout, Petitioner may not obtain habeas relief on the grounds asserted in his Petition, which essentially challenge the specific evidence used to support the decision to deny him parole. The Petition and accompanying exhibits indicate that the hearing officer considered Petitioner's input, and he received a written statement of reasons for the Board's decision. Because Petitioner has not shown that the procedures followed by prison officials were constitutionally deficient, there is no basis for federal habeas relief. See Swarthout, 562 U.S. at 220-21; see also Greenholtz, 442 U.S. at 16. The Petition, therefore, should be summarily dismissed with prejudice.

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

The Court has found that the Petition should be dismissed with prejudice. For the reasons stated above, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

///

///

4

**ORDER**

IT IS HEREBY ORDERED that: (1) the Petition is dismissed with prejudice; and (2) a certificate of appealability is denied.

IT IS SO ORDERED.

DATED: August 9, 2018

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE